UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| RICKY DALE DOTSON, II, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos.: 3:12-CR-50-TAV-HBG |
| | ) | 3:14-CV-394-TAV |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION**

The Petitioner, Ricky Dale Dotson, II ("Dotson"), pursuant to a plea agreement [Doc. 15],[1] entered a guilty plea to one count of possessing a firearm as a convicted felon [Doc. 17]. This Court sentenced Dotson to a below guidelines range sentence of 42 months' imprisonment, to be served concurrently to a state sentence from McMinn County, Tennessee, Criminal Court for aggravated burglary [Doc. 31]. Dotson did not appeal his conviction or sentence.

Before the Court now is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 35]. The government filed a response in opposition [Doc. 40].

To obtain relief pursuant to 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than

---

[1] All citations to the record are found on the docket of case no. 3:12-CR-50-TAV-HBG.

would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

Dotson presents a claim of ineffective assistance of counsel in his § 2255 motion. He asserts that counsel was ineffective in failing to ask the Court to credit Dotson's federal sentence for the twenty months before sentencing that he spent in state custody. It is the opinion of this Court that this claim does not warrant relief.

A petitioner alleging ineffective assistance of counsel must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1987). *See Huff v. United States*, 734 F.3d 600, 606 (6th Cir. 2013) (applying the *Strickland* test to an ineffective assistance of counsel claim). First, the petitioner must establish, by identifying specific acts or omissions, that counsel's performance was deficient and that counsel did not provide "reasonably effective assistance," *Strickland*, 466 U.S. at 687, as measured by "prevailing professional norms." *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Counsel is presumed to have provided effective assistance, and a petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616–17 (6th Cir. 2003); *see also Strickland*, 466 U.S. at 689 (stating that a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that . . . the challenged action might be considered sound . . . strategy" (internal citation omitted)).

Second, a petitioner must demonstrate "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different."

*Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691; *see also Smith v. Robbins*, 528 U.S. 259, 285–86 (2000). If a petitioner fails to prove that he sustained prejudice, the Court need not decide whether counsel's performance was deficient. *See United States v. Hynes*, 467 F.3d 951, 970 (6th Cir. 2006) (holding that alleged "flaws" in trial counsel's representation did not warrant new trial where the claims, even if true, did not demonstrate that the jury would have reached a different conclusion).

Dotson argues that his counsel "should have asked the court to give [him] credit" and "deduct[]. . . [from his] total sentence" the twenty months that his sentence was delayed to permit additional cooperation that yielded a § 5K.1 motion for downward departure [Doc. 35-1 p. 2]. The Court, however, agrees with the government that "the power to grant credit for time served lies solely with the Attorney General and the Bureau of Prisons," not this Court. *United States v. Crozier*, 259 F.3d 503, 520 (6th Cir. 2001); *accord United States v. Basquez*, 421 F. App'x 519, 525 (6th Cir. 2010). Moreover, determinations regarding jail credit are made after, not during, sentencing. *See United States v. Wilson*, 503 U.S. 329, 334 (1992) (holding that 18 U.S.C. "§ 3585(b) does not authorize a district court to compute the credit at sentencing"); *see also United States v. Terry*, 574 F. App'x 579, 582 (6th Cir. 2014) (noting that a sentencing court rightly "declined to calculate any credit for time served" and "properly left that calculation to the BOP"). Accordingly, the Court finds that Dotson's counsel did not render constitutionally ineffective service by not demanding that petitioner receive credit for time served on a state sentence.

The government also argues that Dotson concedes that he was in state custody—and thus received credit for the time toward a state sentence—during the time for which he is requesting federal jail credit. The Sixth Circuit has held that "time which has been credited towards service of a state sentence may not be 'double counted' against a federal sentence." *United States v. Lytle*, 565 F. App'x 386, 392 (6th Cir. 2014).

In sum, the Court finds that because the claim presented in the Motion [Doc. 35] lacks merit, Petitioner is not entitled to relief pursuant to 28 U.S.C. § 2255. A hearing is unnecessary in this case. Accordingly, the Court will **DENY** Petitioner's motion [Doc. 35].

In addition, the Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Petitioner has failed to make a substantial showing of the denial of a constitutional right, therefore, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**ORDER ACCORDINGLY.**

s/ Thomas A. **Varlan**
CHIEF UNITED STATES DISTRICT JUDGE